76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leroy PALMER; Francine Palmer; Plaintiffs,
and
Edward F. Towers, Chapter 7 Trustee, Appellant,
v.
STATEWIDE GROUP, INC., dba Statewide Foreclosure Services;
John F. Lee, Trustee; La Jolla Lending
Corporation, a California corporation,
dba San Francisco Lending
Corporation,
Defendants-Appellees.
 No. 94-15889.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1995.*
Decided Jan. 30, 1996.
 
 Before: CHOY, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward F. Towers, Chapter 7 Trustee for debtors Leroy and Francine Palmer ("Palmers"), appeals from the district court's judgment in favor of La Jolla Lending Corporation and related entities ("La Jolla") in the Palmers' action to rescind their loan transaction with La Jolla, arguing that La Jolla violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. and 12 C.F.R. § 226.23 ("Regulation Z"), by failing to obtain from the Palmers a valid waiver of the right to rescind the transaction and by failing to give the Palmers proper notice of the expiration date of the rescission period. We reverse and remand to the district court.
 
 
 3
 The purported "waiver" signed by the Palmers lacked the written description of the "personal financial emergency" explicitly required by § 226.23(e) of Regulation Z to effectuate a valid waiver. Technical provisions of Regulation Z are strictly construed against lending institutions even when equitable factors would favor them. See Jackson v. Grant, 890 F.2d 118, 120 (9th Cir.1989) and Semar v. Platte Valley Federal S & L Ass'n, 791 F.2d 699, 704-5 (9th Cir.1986). Because the requirements of Regulation Z were not satisfied, La Jolla failed to obtain a valid waiver of the right to rescind from the Palmers.
 
 
 4
 TILA § 1635(a) and § 226.23(b)(5) of Regulation Z also require that a lending institution provide specific written notice to the consumer of the last date upon which the right to rescind expires, and they further provide, see 15 U.S.C. § 1635(f) and 12 C.F.R. § 226.23(a)(3), that a failure to give notice of that date entitles the consumer to rescind the transaction. See Semar, 791 F.2d at 704 (lender's failure to provide notice of exact date of expiration of right to rescind, even if consumer is not misled, held to constitute a technical violation of TILA warranting rescission). The written "right to rescind" notice provided by La Jolla stated the expiration date of the Palmers' right to rescind as April 2, 1992. La Jolla acknowledges that the Palmers' signing of the loan documents on March 31, 1992, created a later final date of the right to rescind based on the "consummation of the transaction," but argues that the Palmers' waiver eliminated the need to inform them of the new expiration date.
 
 
 5
 Because La Jolla never obtained a valid waiver of the right to rescind from the Palmers, it failed to provide the Palmers with notice of the final date of rescission required by TILA and Regulation Z. We have held that "an error of legal judgment with respect to a person's obligations under this subchapter is not a bona fide error." Semar, 791 F.2d at 705. Based on the strict construction given TILA and Regulation Z, the Palmers are entitled to rescission of their loan transaction with La Jolla.
 
 
 6
 The decision appealed from is REVERSED, and we REMAND to the district court for further proceedings consistent with this disposition.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3